**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 2:11-cr-62-DBH |
| | ) | |
| PETER ENZINGER, | ) | |
| DEFENDANT | ) | |

**ORDER AND DECISION ON DEFENDANT'S MOTION FOR NEW TRIAL**

The defendant's motion to set aside verdict and for new trial based upon juror misunderstanding is **DENIED**.

On July 11, 2011, this criminal trial began and ended. The testimony lasted about three and one-half hours. The facts and the law were not complicated. After I charged the verdict, the jury deliberated for about two hours and fifteen minutes before returning a verdict of Guilty. During deliberations they sent out one note with three questions that all pertained to the facts of the case and are not relevant to this motion.

No earlier than July 19, 2011, I received a letter dated July 14, 2011 from one of the jurors. It stated:

> I was juror # . . . in the trial USA verses [sic] Peter Enzinger. I am writing this letter today with a heavy heart. Shortly after the trial it became clear to me that I did not follow the correct procedure as I should have as a juror. I am totally ashamed to admit that I did not know the real meaning of unanimous and how I should have acted in the case of being left the sole juror who thought the defendant to be innocent. I have put the blame on myself for this but there

> are some questions in my mind as to the process and why this information was missed by me. I was always sure that my decision was innocent but I sincerely thought that I would have to convince the other 11 jurors of his innocence, hence my decision to go with the rest of the jurors' decision. I honestly thought there were only two choices to move forward, an innocent or guilty verdict <u>as a group</u> majority not realizing it was actually my individual decision that was necessary.
>
> I do not know if this letter can make a difference but I hope that you will believe that it is the truth and I write it with much regret.

I held a conference of counsel where the lawyers could see the entire letter. I made the letter a sealed court exhibit. After redacting it for personal identifying information, I permitted the lawyers to have a copy of the redacted letter. Then I gave the lawyers an opportunity to file legal memoranda concerning the matter. They have done so, with the defendant filing his as a motion.

It is a longstanding principle in this country and this circuit that courts and lawyers are not to inquire about what goes on in the jury room or to investigate how the jury reached its verdict. There are a number of reasons—among them, inquiry into the mental processes of jurors, if allowed, would invite harassment by the defeated party in an effort to discover something to set aside the verdict; jurors summoned to do their civic duty deserve a modicum of privacy; jury verdicts could be undermined by jurors who later have second thoughts; and the stability and finality of verdicts must be upheld. But three exceptions have been carved out of this general prohibition: extraneous prejudicial information improperly brought to the jury's attention;

outside influence improperly brought to bear upon any juror; a mistake in entering the verdict onto the verdict form. Fed. R. Evid. 606(b).

This juror's letter fits none of the exceptions. The defendant attempts to fit it into the third, an error in recording the juror's vote. But it does not fit. Nowhere does the juror suggest that he/she voted not guilty and that the foreperson erroneously counted him/her as a guilty vote. Instead, this juror says that he/she *went along with* the guilty verdict, ostensibly under some misapprehension of the right to maintain his/her belief and to create a hung jury. I will return to that misapprehension later.

The First Circuit has recently recognized a fourth exception, based upon constitutional grounds. United States v. Villar, 586 F.3d 76, 87 (1st Cir. 2009). That exception allows, under limited circumstances, an inquiry into juror racial or ethnic bias during jury deliberations, because of constitutional requirements. Id. No such racial or ethnic bias is implicated here. Instead, this is at best a single juror's misunderstanding of the judge's jury instructions. The cases are uniform that such a misunderstanding is not grounds for overturning a verdict or for examining the juror about it. See, e.g., Gale v. City of Tecumseh, 156 Fed. Appx. 801, 811 (6th Cir. 2005) ("testimony of jurors is incompetent to impeach a verdict based on misinterpretation of the court's instructions"); United States v. Wickersham, 29 F.3d 191, 194 (5th Cir. 1994) ("Rule 606(b) has consistently been used to bar testimony when the jury misunderstood instructions."); Karl v. Burlington N. R.R. Co., 880 F.2d 68, 75 (8th Cir. 1989) ("misapprehension of the law set out in the court's instructions . . . cannot be used to impeach a verdict"); 3 Jack B. Weinstein & Margaret A.

Berger, Weinstein's Federal Evidence § 606.04 (Joseph M. McLaughlin, ed., 2d ed. 2010) (Rule 606(b) prohibits testimony that a juror misunderstood or disregarded the judge's instructions).

Finally, although I accept this juror's sincerity in what he/she said in the letter, I find it difficult to comprehend how the juror could have misunderstood the jury instructions. Even if this juror did not know the meaning of the word "unanimous" and even if this juror had not been exposed to the unanimity requirement through popular culture such as movies and television, I also stated the following in my instructions:

> **REACHING AGREEMENT**
> Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.
> Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.
> This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.
> It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction about the evidence simply to reach a verdict.

Not only did I say this aloud to the jury, but I also allowed each juror to take a copy of the instructions to the jury room during deliberations.

4

When the jury returned to the courtroom to announce their verdict, the Clerk read the verdict aloud, then asked the jury foreperson, "Madame foreperson, is this your verdict?" She responded "yes." Then the Clerk inquired, "Ladies and gentlemen of the jury, is this your verdict?" All jurors responded affirmatively. I know they did, because I watch the jury carefully during this process, as do the lawyers, watching for any sign of disagreement. And here there was no request to poll the jury.

Finding a fellow citizen guilty of a crime is no light matter, and I am always impressed at how seriously jurors take their task and agonize over their verdicts. It is not unusual to have second thoughts about such a momentous decision and to wish that one had held out for a different outcome. But to allow those second thoughts to open the jury verdict or the jury deliberation process would create pressure on untold numbers of conscientious jurors in untold numbers of cases where friends or neighbors or media later question the verdict. The precedents wisely prevent this kind of second-guessing. Even if this juror actually misunderstood the instructions rather than simply ruing his/her earlier vote and decision to go along, that is not grounds for a new trial or for any investigation of the jury deliberations.

**SO ORDERED.**

**DATED THIS 2ND DAY OF AUGUST, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**